IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL, ALLIANCE FOR THE WILD ROCKIES, and COUNCIL ON FISH & WILDLIFE<br><br>Plaintiffs,<br><br>vs.<br><br>AARON WEBBER, Townsend District Ranger, Helena Lewis & Clark National Forest; EMILY PLATT, Supervisor, Helena Lewis & Clark National Forest; LEANNE MARTEN, Regional Forester, U.S. Forest Service Northern Region; U.S. FOREST SERVICE; U.S. FISH & WILDLIFE SERVICE,<br><br>Defendants. | CV 25–25–M–DLC<br><br><br>ORDER |

Sun Mountain Lumber, Inc. ("Sun Mountain") has filed a motion for leave

to intervene in the above-captioned case as a matter of right under Fed. R. Civ. P.

24(a) or, in the alternative, permissively under Fed. R. Civ. P. 24(b). (Doc. 10.)

Plaintiffs do not oppose the motion, and Federal Defendants take no position on

the motion. (*Id.* at 2.)

A litigant seeking to intervene under Fed. R. Civ. P. 24(a) bears the burden

of establishing that the following criteria are satisfied: (1) the motion is timely;

1

(2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. US. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)); *DBSl/TRJ IV Ltd. Partnership v. United States*, 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

All four criteria for intervention as of right are established in this case. Plaintiffs filed this lawsuit on February 18, 2025, (Doc. 1), thus, the present motion is timely. As articulated in their supporting brief, Sun Mountain desires to

participate in this case to protect it's economic, social, and ecological interests in the Wood Duck Project. (Doc. 11 at 6.) Those interests may be impaired should the Project be halted or delayed. Finally, Sun Mountain has established that the existing parties cannot adequately represent Sun Mountain's interests for purposes of intervention as Sun Mountain is in direct opposition to Plaintiffs' interests, and "there is sufficient divergence between [Sun Mountain] and Federal Defendants such that intervention is justified." (*Id.* at 26.)

Because Sun Mountain satisfies the criteria for intervention as of right and no existing party argues otherwise,

IT IS ORDERED that motion to intervene (Doc. 10) is GRANTED.  The Clerk of Court is directed to add Sun Mountain Lumber, Inc. as Intervenor-Defendant, and the case caption shall be modified accordingly.

IT IS FURTHER ORDERED that all parties, including Sun Mountain, shall comply with the Court's scheduling orders and the briefing schedule set forth in Plaintiffs' brief in support of motion for preliminary injunction (Doc. 7 at 7).

DATED this 21st day of May, 2025.

Dana L. Christensen, District Judge
United States District Court

3