IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL, ALLIANCE FOR THE WILD ROCKIES, and COUNCIL ON FISH & WILDLIFE,<br><br>Plaintiffs,<br><br>vs.<br><br>AARON WEBBER, Townsend District Ranger, Helena Lewis & Clark National Forest; EMILY PLATT, Supervisor, Helena Lewis & Clark National Forest; LEANNE MARTEN, Regional Forester, U.S. Forest Service Northern Region; U.S. FOREST SERVICE; U.S. FISH & WILDLIFE SERVICE,<br><br>Defendants,<br><br>and<br><br>SUN MOUNTAIN LUMBER, INC., a Montana Corporation,<br><br>Intervenor-Defendant. | CV 25–25–M–DLC<br><br>ORDER |

Before the Court is Plaintiffs' Motion for Injunction Pending Appeal (Doc. 28) of the Court's June 10, 2025 order denying Plaintiffs' Motion for Preliminary Injunction (Doc 22). For the reasons herein, the Motion (Doc. 28) is DENIED.

1

## LEGAL STANDARD

Injunctions are extraordinary remedies, "never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). Federal Rule of Civil Procedure 62(d) authorizes this Court to "suspend, modify, restore, or grant an injunction" while an appeal "is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction." A party seeking such an injunction must show: (1) it is likely to suffer irreparable harm absent the injunction; (2) that it is likely to succeed on the merits; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. The party must show more than the possibility of irreparable harm, it must demonstrate that "irreparable injury is *likely* in the absence of an injunction." *Id.* at 22. Once shown, the other factors are assessed on a sliding scale using the "serious questions test." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). However, even under the serious questions test, Plaintiffs must satisfy all of the *Winter* factors. *Id.* at 1135.

## DISCUSSION

In denying Plaintiffs' motion for preliminary injunction, the Court has already concluded that Plaintiffs do not raise serious questions going to the merits. (Doc. 22 at 14–15, 16.) Plaintiffs do not offer new argument here. Rather, their

brief reiterates the same arguments they made in their briefing on the motion for preliminary injunction. (*Compare* Doc. 7 at 9–29 *with* Doc. 29 at 8–27.) The Court again concludes that Plaintiffs have failed to raise serious questions going to the merits.

As to the balance of equities and public interest prong, Plaintiffs again repeat the arguments this Court has already rejected. (*Compare* Doc. 7 at 29–32 *with* Doc. 29 at 29–32.) The Court again rejects the arguments here.

Having determined that Plaintiffs do not establish serious questions going to the merits nor that the balance of equities and public interest weigh in their favor, the Court forgoes analysis of the irreparable harm prong. Because Plaintiffs failed to make the requisite showing on all four prongs of the *Winter* test,

IT IS ORDERED that Plaintiffs' Motion for Injunction Pending Appeal (Doc. 28) is DENIED.

DATED this 15th day of July, 2025.

_____
Dana L. Christensen, District Judge
United States District Court